UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA GISELA VALLE GARCIA,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, *et al.*,<br><br>Respondents. | Case No. 1:25-cv-01907 JLT CDB (HC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. 11) |

Ana Gisela Valle Garcia is a federal immigration detainee. She initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 17, 2025, while in custody of Immigration and Customs Enforcement at the California City Detention Facility. (Doc. 2.) Petitioner filed a motion for temporary restraining order that same day. (Doc. 3.) After converting the motion to a motion for preliminary injunction, the Court granted the preliminary injunction and ordered Respondents to immediately release Petitioner. (Doc. 10.)

On February 23, 2026, the assigned magistrate judge issued findings and recommendations to grant the petition in part. (Doc. 11.) The magistrate judge recommended that the Court grant the procedural due process claim, adopting reasoning aligned with that set forth in the preliminary injunction order. (*Id.* at 12.) However, the magistrate judge recommended denying the substantive due process claim (*id.* at 14-15) and declined to address the remaining claims. (*Id.* at 15.)

1  The Court served the findings and recommendations on the parties, warned them that any
2  objections were due within seven days, and advised them that "failure to file objections within the
3  specified time may result in the waiver of rights on appeal." *Id.* at 16 (citing *Wilkerson v.*
4  *Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)).  Neither party filed objections and the time to do so
5  has expired.

6  According to 28 U.S.C. § 636(b)(1)(C), this Court performed a de novo review of this
7  case.  Having carefully reviewed the matter, the Court concludes that the findings and
8  recommendations are supported by the record and proper analysis in relation to the procedural
9  due process claim but declines to address any other claim raised in the Petition because doing so
10 is unnecessary. Thus, the Court **ORDERS**:

11  1. The findings and recommendations (Doc. 11) issued on February 23, 2026, are
12     **ADOPTED IN PART**.
13  2. The petition for writ of habeas corpus (Doc. 2) is **GRANTED IN PART** as to the
14     second cause of action for violation of procedural due process under the Fifth
15     Amendment. The Court declines to address the other claims in the Petition.
16  3. Respondents are **PERMANENTLY ENJOINED AND RESTRAINED** from
17     rearresting or re-detaining Petitioner absent compliance with constitutional protections
18     which include, at a minimum, pre-deprivation notice[1] of at least seven days before a
19     pre-deprivation hearing at which the government will bear the burden of
20     demonstrating by clear and convincing evidence that she is likely to flee or pose a
21     danger to the community if not arrested; and

22  ///
23  ///
24  ///
25  ///

---

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.

4. The Clerk of the Court is **DIRECTED** to enter judgment for Petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **March 9, 2026**

_____
UNITED STATES DISTRICT JUDGE

3